IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK LURTY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>2001 TOWING & RECOVERY, INC., and GARRY FRANCIS, individually,<br><br>　　　　Defendants. | COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff MARK LURTY, ("Lurty"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants, 2001 TOWING & RECOVERY, INC., ("2001 Towing"), and GARRY FRANCIS ("Francis") (all Defendants collectively referred to as "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

1

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt tire and battery services and for the Defendants throughout New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendants purchased materials that were used by their employees to tow, repair, and install car parts. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

## PARTIES

7. Plaintiff Lurty is an adult individual who is a resident of Browns Mills, New Jersey.

8. Plaintiff Lurty became employed by Defendants as a non-exempt laborer in New Jersey in or about May 2017. He continued to work for Defendants in that capacity through in or October 2017.

9. Defendant 2001 Towing is in the business of towing and roadside assistance, and its corporate office is located in Bordentown, New Jersey.

10. Upon information and belief, at all times relevant to this Complaint, Defendants employ individuals to perform labor services on their behalf.

11.     Upon information and belief, at all times relevant to this Complaint, Defendant 2001 Towing's annual gross volume of sales made or business done was not less than $500,000.00.

12.     At all times relevant to this Complaint, 2001 Towing was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

13.     Upon information and belief, Defendant Charles has his principal place of business in Bordentown, Burlington, New Jersey.

14.     Upon information and belief, at all times relevant to this Complaint, Defendant Francis has been an owner, partner, officer, and/or manager of 2001 Towing.

15.     Upon information and belief, at all times relevant to this Complaint, Defendant Francis has had power over personnel decisions at 2001 Towing, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

16.     Upon information and belief, at all times relevant to this Complaint, Defendant Francis has had the power to determine employee policies at 2001 Towing, including, but not limited to, time-keeping and payroll policies.

17.     Upon information and belief, at all times relevant to this Complaint, Defendant Francis has had power over payroll decisions at ASG, including the power to retain time and/or wage records.

## FACTS

18.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all overtime hours worked in a work week.

19.     Plaintiff was paid $8.00 for a stop to assist a customer, if he simply gave a customer a jump start to their battery.

20.     Plaintiff was paid an amount for other services that he provided to customers, which varied.

21.     Plaintiff was often times paid additional money, if a customer needed to purchase equipment, for example a new battery.

22.     On average, Plaintiff was paid approximately $800.00 per week.

23.     Plaintiff Lurty routinely worked for Defendants five (5) days per week.

24.     Plaintiff worked from 7:00 am to approximately 11:00 pm.

25.     Plaintiff Lurty routinely worked on average approximately eighty (80) hours per workweek on behalf of Defendants, but was not compensated at an overtime rate for his hours worked in excess of forty (40) per workweek.

26.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

27.     At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

28.     This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

29.     The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

30. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

31. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff a compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

32. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

33. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

34. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

35. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of their regular rate of pay for their overtime hours worked in a work period.

36. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

37. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

39. Defendants' aforementioned conduct is in violation of the NJWHL.

40. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

41. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff MARK LURTY, demands judgment, against Defendants 2001 TOWING AND RECOVERY, INC., and GARRY FRANCIS, individually, for the payment of compensation for all overtime hours due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: April 12, 2018

/s/ Andrew I. Glenn
Andrew I. Glenn, Esquire
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
JAFFE GLENN LAW GROUP, P.A.
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
Attorneys for Plaintiff