**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MARK LURTY,

              Plaintiff,

     v.

2001 TOWING & RECOVERY, INC.,
and GARRY FRANCIS,
individually,

              Defendants.

1:18-cv-06302-NLH-AMD

**OPINION**

---

**APPEARANCES**:

JODI J. JAFFE
JAFFE GLENN LAW GROUP, P.A.
201 NORTH HARRISON STREET
SUITE 9F, #306
PRINCETON, NJ 08540

    *On behalf of Plaintiff*

**HILLMAN**, District Judge

    Presently before the Court is the motion of Plaintiff, Mark Lurty, for default judgment in his favor on his claims against Defendants concerning Defendants' failure to pay him proper overtime wages. Plaintiff alleges violations of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56 et seq. For the reasons expressed below, Plaintiff's motion will be denied without prejudice.

This Court takes its facts from Plaintiff's complaint. Defendant 2001 Towing & Recovery, Inc., owned by Defendant Gary Francis, is in the business of towing and roadside assistance, with its corporate office located in Bordentown, New Jersey. According to Plaintiff's complaint, from May 2017 through October 2017, Plaintiff was employed by Defendants to perform tire and battery services. Plaintiff claims that he routinely worked for Defendants five days per week from 7:00 am to 11:00 p.m., averaging approximately 80 hours a week. Additionally, Plaintiff claims he was paid $800.00 per week.[1] Plaintiff claims he was not compensated at an overtime rate for the hours he worked in excess of 40 hours per workweek.

Plaintiff alleges that Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular pay for overtime hours worked within a work period, in violation of both the FLSA and the NJWHL. Plaintiff alleges that as a direct and proximate result of Defendants' actions, he suffered damages including past lost earnings.

Plaintiff filed his complaint on April 12, 2018, and it was

---

[1] In his complaint, Plaintiff asserts he was paid $8.00 for a stop to assist a customer with a jump start to their battery and was also paid varying amounts for other services provided to customers. Plaintiff additionally asserts he was often paid additional money if a customer needed to purchase equipment.

served on Defendants on June 19, 2018. Defendants failed to file a responsive pleading in a timely manner and have not answered or otherwise moved with respect to Plaintiff's complaint. The Clerk entered default at Plaintiff's request on July 5, 2018. Thereafter, Plaintiff filed the instant motion for default judgement, seeking recovery for all overtime compensation due him and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of suit.

## DISCUSSION

### A. Subject Matter Jurisdiction

This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey state law claims pursuant to 28 U.S.C. § 1332 and 1367.

### B. Default

The first step in obtaining a default judgment is the entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk entered default against Defendants on July 5, 2018.

### C. Default Judgment

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts

to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). However, a party seeking default judgment "is not entitled to a default judgment as of a right." Franklin v. Nat'l Maritime Union of America, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992). The decision to enter a default judgment is "left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535 (citing Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense,

4

and (3) whether defendant's delay is due to culpable conduct."

Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000);

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195

(3d Cir. 1984).  If a review of the complaint demonstrates a

valid cause of action, the Court must then determine whether

plaintiff is entitled to default judgment.

**D.   Analysis**

**1.   Whether Plaintiff has stated a cause of action**

In order to determine whether Plaintiff has stated a valid

cause of action against Defendants, Plaintiff's allegations must

be accepted as true and applied to the standards for determining

violations of the FLSA and NJWHL.  Where a party is in default,

the Court must accept the Plaintiff's "well-pled" allegations of

fact as true.  Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149

(3d Cir. 1990).

The FLSA requires overtime compensation "at a rate not less

than one-and-one half times the regular rate" for each hour

worked in excess of 40 hours per week.[2]  29 U.S.C. § 207(a)(1).

---

[2] Certain employees – those classified as working in a
"professional capacity" – are exempt from the FLSA overtime wage
requirements.  Plaintiff alleges, and the Court accepts as true
for purposes of determining default judgment, that Plaintiff was
a laborer who is not exempt from the FLSA overtime wage
requirements.  See Guthrie v. Lady Jane Collieries, Inc., 722 F.
2d 1141, 1143 (3d Cir. 1983) (explaining that exemptions from the
FLSA are to be narrowly construed against the employer, and the
employer has the burden of establishing an exemption); Pignataro
v. Port Authority of New York and New Jersey, 593 F. 3d 265, 268

In order to state an FLSA overtime claim, a plaintiff must

allege "forty hours of work in a given workweek as well as some

uncompensated time in excess of the forty hours."  Davis v.

Abington Mem'l Hosp., 765 F.3d 236, 242 (3d Cir. 2014) (internal

citations omitted).

The FLSA also provides for individual liability against

employers.  The FLSA defines "employer" as "any person acting

directly or indirectly in the interests of an employer in

relation to an employee."  29 U.S.C. § 203.  "Courts employ a

broad interpretation of 'employer' within the context of the

FLSA as to 'effectuate the FLSA's liberal, remedial purposes.'"

Santiago v. Lucky Lodi Buffet Inc., 2016 WL 6138248, at *2

(D.N.J. 2016) (citation omitted).  The determination of employer

status depends on control.  Id. (citation omitted).  Factors to

consider include whether the alleged employer: (1) had the power

to hire and fire the employees, (2) supervised and controlled

employee work schedules or conditions of employment, (3)

---

(3d Cir. 2010) (citing 29 U.S.C. § 213(a)(1)) (explaining that
employees who work in a "professional capacity" are exempt from
the FSLA overtime requirement); 29 C.F.R. § 541.3(a)(1)
(providing that in order to qualify as a "learned professional"
an employee's primary duties must consist of: "Work requiring
knowledge of an advance [sic] type in a field of science or
learning customarily acquired by a prolonged course of
specialized intellectual instruction and study, as distinguished
from a general academic education and from an apprenticeship, and
from training in the performance of routine mental, manual, or
physical processes.").

determined the rate and method of payment, and (4) maintained

employment records.  Id. (citing Herman v. RSR Sec. Servs. Ltd.,

172 F.3d 132, 139 (2d Cir. 1999)) (other citations omitted).

The NJWHL mirrors its federal counterpart.  Nieves v. Top

Notch Granite & Marble LLC, 2011 WL 2937352, at *3 (D.N.J. 2011)

(citing Crisostomo v. Exclusive Detailing, Inc., 2010 WL

2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL is

analogous to the FLSA and therefore "interpretations construing

FLSA are applicable").

Here, Plaintiff's complaint alleges that he worked in

excess of 40 hours a week, and he was not compensated at one and

a half times his regular rate of pay for those additional hours.

Plaintiff alleges that this establishes that Defendants violated

the FLSA and NJWHL.  Plaintiff's complaint also alleges that

Defendant Francis had the power to determine employee policies

at 2001 Towing, including timekeeping and payroll policies, and

Francis specifically had the power to retain time and wage

records.  These allegations, when accepted as true, show that

Defendants violated the FLSA and NJWHL.  Additionally, these

allegations show that Defendant Francis was Plaintiff's employer

as defined by the FLSA and is therefore individually liable.

### 2.   Whether Plaintiff is entitled to a default judgment

Because it has been determined that Plaintiff has stated

viable causes of action for violations of the FLSA and NJWHL, it must be determined whether Plaintiff is entitled to a default judgment. As stated above, prior to entering judgment on the counts where a valid cause of action has been established, three factors must be considered: (1) prejudice to the plaintiff if default judgment is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. <u>Chamberlain</u>, 210 F.3d at 164.

### a. Prejudice to plaintiff

Plaintiff will be prejudiced absent a default judgment because Defendants' failure to respond to Plaintiff's claims leaves Plaintiff with no other means to vindicate his claims.

### b. Existence of meritorious defense

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 869-70 (3d Cir. 1984); <u>accord</u> <u>$55,518.05 in U.S. Currency</u>, 728 F.2d at 195; <u>Feliciano</u>, 691 F.2d at 657; <u>Farnese v. Bagnasco</u>, 687 F.2d 761, 764 (3d Cir. 1982). Here, it is axiomatic that the Court cannot consider Defendants' defenses because Defendants have failed to respond to this action. <u>See</u> <u>Prudential Ins. Co. of America v. Taylor</u>, No. 08-2108, 2009 WL

536403, at *1 (D.N.J. 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."); Santiago v. Lucky Lodi Buffet Inc., 2016 WL 6138248, at *3 (D.N.J. 2016) (in an motion for default judgment on a plaintiff's FLSA claims, finding that "in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense").

### c. Whether Defendants' delay is the result of culpable conduct

Defendants' delay appears to be the result of culpable conduct. "Culpable conduct is dilatory behavior that is willful or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123 (3d Cir. 1983). Plaintiff served Defendants with his complaint on June 19, 2018. Defendants failed to file a responsive pleading in a timely manner, and they have since failed to plead or otherwise defend this action. Plaintiff's motion for final default represents that Defendants are not minors, they are not incompetent, and they have not been engaged in military service. Additionally, it appears that Defendants were validly served with Plaintiff's complaint. Therefore, Defendants' failure to appear in the action can be deemed willful. See, e.g., Santiago, 2016 WL 6138248, at *3 (finding that "Defendants acted culpably as they have been served with

9

the Complaint and Defendants are not infants, otherwise incompetent, or presently engaged in military service").

Consequently, because the Court has found that Plaintiff shall be prejudiced if default judgment is not granted, Defendants do not have a meritorious defense, and Defendants' failure to appear in this case is the result of their culpable misconduct, judgment shall be entered in Plaintiff's favor on his FSLA and NJWHL claims.

### 3. Damages

In order to determine what damages Plaintiff is entitled to for his judgment against Defendants, the Court may "conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2); cf. Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."); Jonestown Bank and Trust Co. v. Automated Teller Mach., Services, Inc., 2012 WL 6043624, *4 (M.D. Pa. 2012) (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he

'hearing' may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue.")).

### a. FLSA and NJWHL claims

Plaintiff relates that for each of the 17.5 weeks he was employed by Defendants, he worked approximately 75 hours, which amounts to 35 overtime hours per workweek.[3] Plaintiff claims he was paid approximately $800 per week, and not paid at an overtime rate for his hours of work in excess of 40 per workweek.

Plaintiff's regular rate of pay under the FLSA[4] was $10.66 ($800 / 75 hours = $10.66 per hour). As calculated in counsel's affidavit, Plaintiff is owed $3,266.66 in overtime wages based on this regular rate of pay ($10.66 / 2 = $5.33 x 35 hours x 17.5 weeks).

The FLSA also provides for liquidated damages in the same amount as an employee's actual damages. 29 U.S.C. § 216(b). An employee is entitled to liquidated damages unless the employer

---

[3] Plaintiff's complaint alleges that any records concerning the number of hours worked by Plaintiff or the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

[4] Plaintiff's "regular rate" or his rate per hour is calculated by dividing his total compensation in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. 29 C.F.R. § 778.109.

shows its actions were "in good faith and that [it] had
reasonable grounds for believing that [its] act or omission was
not a violation" of the FLSA.  Brock v. Claridge Hotel & Casino,
846 F.2d 180, 187 (3d Cir. 1988) (citing 29 U.S.C. §§ 216(b),
260).  The employer bears the burden of establishing that
liquidated damages should not be awarded.  Id.  Where, as here,
a defendant has failed to appear, and has not presented any
evidence regarding good faith, a court should award liquidated
damages to the plaintiff.  Qu Wang v. Fu Leen Meng Rest. Ltd.
Liab. Co., 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018) (citing
Santiago, 2016 WL 6138248, at *4; Garcia-Martinez v. V. Puzino
Dairy, Inc., 2014 WL 7011536, at *2 (D.N.J. 2014) (quoting
Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 908 (3d Cir.
1991)) (awarding double damages to the plaintiff because the
defendants did not present any evidence regarding any good faith
attempt to comply with the law)).  Plaintiff would therefore be
entitled to liquidated damages in the amount of $3,266 in
addition to his actual damages.

    Finally, the FLSA authorizes "a reasonable attorneys' fee
to be paid by Defendants, and costs of the action" to a
prevailing plaintiff.  29 U.S.C. § 216(b).  The Third Circuit
uses, and the Supreme Court has endorsed, a "lodestar" approach
for calculating fees in FLSA cases.  Maldonado v. Lucca, 636 F.
Supp. 621, 628 (D.N.J. 1986) (citations omitted); see also

Souryavong v. Lackawanna County, 872 F.3d 122, 128 (3d Cir. 2017) (in an FLSA case, explaining that the lodestar approach, where "the number of hours worked multiplied by the prevailing hourly rate," carries a strong presumption of reasonableness).

Plaintiff's counsel has provided a certification that demonstrates she billed 12.2 hours on this matter at $400.00 and $450.00 per hour, totaling $4,960.00. The Court finds that counsel's hourly rate and hours expended in this matter are reasonable. See, e.g., Qu Wang, 2018 WL 1027446 at *5 (in granting default judgment in an FLSA wage case, finding reasonable 15.8 hours at the hourly rates of $325 per hour) (citing Santiago, 2016 WL 6138248, at *4 (in granting default judgment in an FLSA wage case, finding reasonable 15.90 hours at the hourly rates of $450 and $375); Iqbal v. Makf Enterprises Inc., 2016 WL 6275598, at *3 (D.N.J. 2016)(in granting default judgment in an FLSA wage case, finding reasonable 13.6 hours at the hourly rates of $350 and $275); Punter v. Jasmin Intern. Corp., 2014 WL 4854446, at *8 (D.N.J. 2014) (in granting default judgment in an FLSA wage case with two plaintiffs and two different attorneys, finding reasonable 22 hours at $350 and 18 hours at $300)).

The billing records also show that $692.00 was incurred as

costs in this matter.[5]  Plaintiff would therefore be entitled to

$4,960.00 in attorney's fees and $692.00 in costs, totaling

$5,652.00.[6]

As to Plaintiff's claims, the Court finds that a hearing is

not necessary to establish Plaintiff's damages.  See 29 U.S.C. §

216(b) (explaining that employers who violate the FLSA's

---

[5] The filing fee was $400.00 and the total cost of service was
$192.00.

[6] The standard for proving damages under the NJWHL is similar to
that under the FLSA.  Adami v. Cardo Windows, Inc., 2015 WL
1471844, at *12 n.15 (D.N.J. 2015); Thompson v. Real Estate
Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014) (explaining
that the "FLSA and its state-law counterpart, the New Jersey
Wage and Hour Law, allow employees to sue their past or present
employers for various employment-related causes of action," and
the NJWHL's language is substantially similar to the FLSA).  A
plaintiff may also recover attorney's fees and costs pursuant to
N.J.S.A. 34:11-56.8. Several courts have noted that a plaintiff
who prevails on his FLSA claim cannot receive duplicative
damages for his identical NJWHL claim, and that liquidated
damages are not available under the NJWHL. See Qu Wang v. Fu
Leen Meng Rest. Ltd. Liab. Co., 2018 WL 1027446, at *5 (D.N.J.
Feb. 23, 2018) (citing Looi v. Wang, 2015 WL 64650, at *3
(D.N.J. 2015) (in granting default judgment to plaintiff on his
FLSA and NJWHL law claims, the court awarded plaintiff his
unpaid compensation and liquidated damages in the same amount as
his unpaid wages, but did not double that amount for the NJWHL
claim); Nieves v. Top Notch Granite & Marble LLC, 2011 WL
2937352, at *3 (D.N.J. 2011) (explaining that a plaintiff cannot
recover under both the FLSA and NJWHL, since recovery under the
NJWHL would duplicate recovery under the FLSA)).  In this case,
even though Plaintiff has established that he is entitled to
default judgement on his NJWHL claim, he is not entitled to a
double recovery of his unpaid overtime compensation or
liquidated damages under both the FLSA and the NJWHL.  Thus, the
Court will enter judgment as to Defendants' liability on both
claims, but an amount in damages that reflects judgment on
either count.

provisions are liable to the affected employees for the amount

of their unpaid minimum wages or their unpaid overtime

compensation); Santiago, 2016 WL 6138248, at *3 (citing Davis,

765 F.3d at 241) (other citation omitted) (explaining that "to

recover overtime compensation under the FLSA, an employee . . .

must show the amount and extent of his overtime work as a matter

of just and reasonable inference," and in light of the FLSA's

remedial purposes, an employee can meet his burden to establish

that he performed work for which he was not properly compensated

"through estimates based on his own recollection").

However, there is insufficient proof from Plaintiff to

prove his damages.  Plaintiff's counsel failed to submit an

affidavit or declaration from Plaintiff himself stating under

oath that he worked the number of hours alleged and was not

compensated at an overtime rate for those hours.  The only

affidavit submitted is from Plaintiff's counsel.  Unlike the

present case, in Santiago, plaintiffs' allegations were

supported by affidavits from the Plaintiff detailing the length

of shifts, relevant weeks worked, and amount of pay received.

Santiago, 2016 WL 6138248, at *3.  See also Qu Wang v. Fu Leen

Meng Rest. Ltd. Liab. Co., 2018 WL 1027446, at *11 (D.N.J. Feb.

23, 2018) (citing Plaintiff's submission of a signed affidavit

from the Plaintiff as sufficient evidence to adequately

establish damages in a FLSA motion for default judgment).

## CONCLUSION

For the reasons expressed above, Plaintiff's motion will be denied without prejudice.  Plaintiff will have twenty days to submit a signed affidavit outlining the relevant weeks and hours worked and amount of pay received.  Plaintiff may submit and file a letter, along with the additional proofs, asking that the motion be reinstated for consideration in light of the expanded record.  An accompanying Order will be entered.


Date:  July 23, 2019              __s/ Noel L. Hillman_____
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.