```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

  MARK LURTY,
                                          1:18-cv-06302-NLH-AMD
              Plaintiff,
                                          OPINION
        v.

  2001 TOWING & RECOVERY, INC.,
  and GARRY FRANCIS,
  individually,

              Defendants.
_____
```

**APPEARANCES**:

JODI J. JAFFE
JAFFE GLENN LAW GROUP, P.A.
201 NORTH HARRISON STREET
SUITE 9F, #306
PRINCETON, NJ 08540

   *On behalf of Plaintiff*

**HILLMAN**, District Judge

   Presently before the Court is the renewed motion of Plaintiff, Mark Lurty, for default judgment on his claims against Defendants concerning Defendants' failure to pay him proper overtime wages.  Plaintiff alleges violations of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A.

34:11-56 et seq.[1]

Previously, the Court denied Plaintiff's motion without prejudice because the only proof as to Plaintiff's damages was an affidavit of counsel, rather than an affidavit of Plaintiff himself. The Court provided Plaintiff with twenty days to file a supplemental affidavit and a letter request to renew his motion (Docket No. 8, 9), and Plaintiff responded accordingly (Docket No. 10).

The Court therefore incorporates the entirety of the prior Opinion (Docket No. 8), which found that because Plaintiff will be prejudiced if default judgment is not granted, Defendants do not have a meritorious defense, and Defendants' failure to appear in this case is the result of their culpable misconduct, judgment should be entered in Plaintiff's favor as to Defendants' liability for their FSLA and NJWHL violation claims.

With regard to damages, the Court has considered Plaintiff's supplemental affidavit. (Docket No. 10-1.) The Court finds that Plaintiff is entitled to: (1) $3,266.00 in overtime wages based on this regular rate of pay for Defendants' liability under the FSLA and NJWHL; and (2) liquidated damages

---

[1] This Court has original federal question jurisdiction over this controversy under 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey state law claims pursuant to 28 U.S.C. § 1367.

in the amount of $3,266.00 in addition to his actual damages for Defendants' liability under the FSLA, totaling $6532.00. See 29 U.S.C. § 216(b); N.J.S.A. 34:11-56a25.[2]

The Court also finds that Plaintiff is entitled to attorneys' fees and costs in the amount of $4,960.00 in attorneys' fees and $692.00 in costs, totaling $5,652.00. See 29 U.S.C. § 216(b); N.J.S.A. 34:11–56.8. Thus, the total judgment Plaintiff is entitled to is $12,184.00.

## CONCLUSION

For the reasons expressed above, Plaintiff's renewed motion for default judgment will be granted. An accompanying Order and Judgment will be entered.

Date: __October 2, 2019__  __s/ Noel L. Hillman_____
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

---

[2] As noted in the prior Opinion, several courts have found that a plaintiff who prevails on his FLSA claim cannot receive duplicative damages for his identical NJWHL claim, and that liquidated damages are not available under the NJWHL.